UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARY DEVILLEZ<br>(Social Security No. XXX-XX-5009),<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>Defendant. | 3:12-cv-86-WGH-RLY |

**ORDER DENYING PLAINTIFF'S EAJA MOTION FOR AWARD OF ATTORNEY'S FEES**

On August 15, 2013, Plaintiff moved for an award of attorney's fees under the Equal Access to Justice Act. The Court, having considered the motion, the parties' filings, and relevant law, and being duly advised, hereby **DENIES** the motion.

**I.    Background**

Plaintiff applied for Disability Insurance Benefits on October 2, 2010, and Supplemental Security Income on October 22, 2010. An Administrative Law Judge ("ALJ") held a hearing on March 6, 2012, and issued an opinion finding Plaintiff was not disabled (and therefore not eligible for benefits) on March 21, 2012. (*See* Dkt. 10-2). After the Appeals Council denied her request for review, Plaintiff sought judicial review in this Court and alleged that the ALJ erred in four respects. (*See* Dkt. 12 at 9–19).

On May 29, 2013, the Court remanded the action to the Social Security Administration ("SSA") strictly on the basis of one of those alleged errors—the ALJ's failure to discuss and appropriately weigh the opinions of Dr. John Wuertz. (Dkt. 20 at 8–10, 14). Dr. Wuertz treated Plaintiff extensively and made several findings supporting Plaintiff's claims of disability: she was wheelchair-bound; she was experiencing depression without improvement and heard voices; her speech was impoverished; her attention, concentration, judgment, and insight were limited; and she was disoriented and had retarded psychomotor skills. (*Id.* at 8–9). Although Dr. Wuertz was a treating source, the ALJ failed to explicitly mention, evaluate, or assign weight to Dr. Wuertz's findings. (*Id.* at 8).

On appeal to this Court, the government argued that the ALJ considered Dr. Wuertz's findings—and even addressed them in the opinion as being contradicted by other medical evidence in the record—but merely failed to explicitly mention Dr. Wuertz. (*Id.* at 9; Dkt. 16 at 12–14). The government conceded that the ALJ's failure to explicitly mention Dr. Wuertz was error but argued that the Court could confidently conclude that the ALJ would reach the same decision on remand and that the error therefore was harmless. (Dkt. 16 at 13–14). The Court disagreed and found instead that the ALJ had not—at least in rendering her opinion—engaged in a complete analysis of Dr. Wuertz's findings. (Dkt. 20 at 9–10). The Court suggested the ALJ might assign "great weight" to Dr. Wuertz's findings and find Plaintiff disabled. (*See id.* at 10). In so doing, the Court also necessarily acknowledged the possibility the ALJ's

analysis and conclusions would be no different but that she would explain them more thoroughly in her written opinion. (*See id.*).

## II. Discussion

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d), allows a plaintiff's attorney to recover reasonable fees from the government where: (1) the plaintiff is a prevailing party; (2) the government is not "substantially justified" in its position; (3) no "special circumstances" make an award unjust; and (4) the fee application is timely and supported by an itemized statement. 28 U.S.C. 2412. On Plaintiff's motion, the parties dispute two matters: whether the government was substantially justified in denying Plaintiff's original petition for benefits and opposing Plaintiff's appeal to the District Court, and whether fees (if allowed at all) may be awarded directly to Plaintiff's attorney or must be granted to Plaintiff herself.

### A. Was the government's position substantially justified?

In response to an EAJA fee motion, the government bears the burden of proving that its position—which includes both the ALJ's decision and the government's defense of that decision on judicial review—was substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government's position is substantially justified if it has a reasonable basis in fact and law and there is a reasonable connection between the facts and the legal theory the government has advanced. *Stewart*, 561 F.3d at 683. The government's position may well be substantially justified even though the District Court has remanded the

3

action for further proceedings.  *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991) (citing *Underwood*, 487 U.S. at 569).  This is particularly true where, as here, the District Court has remanded the action because, although the ALJ's decision could be rationally supported by the evidence, her written opinion does not clearly illustrate the basis for a rationally supported decision.  *See, e.g.*, *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006).  As another judge in this District put it, the government's position is not rendered substantially unjustified because of "inadequate explanations by the ALJ of what might well be a reasonable bottom-line decision."  *Taylor v. Astrue*, 2010 WL 5391543, at *3 (S.D. Ind. Dec. 22, 2010).

   *Cunningham* is instructive.  In that case, the district court remanded the action to the SSA on grounds that the ALJ failed to thoroughly describe medical evidence it relied on in discounting the opinions of a treating physician and discounted the plaintiff's complaints of certain symptoms and limitations without expressly addressing the plaintiff's credibility or medical evidence supporting those complaints.  *Cunningham*, 440 F.3d at 863.  The Court of Appeals distinguished that case from *Golembiewski v. Barnhart*, 382 F.3d 721 (7th Cir. 2004), in which fees were awarded after the ALJ committed a laundry list of errors, including completely failing to discuss the plaintiff's credibility, ignoring some pieces of medical evidence and mischaracterizing others, and arguing on appeal—and contrary to SSA policy and judicial precedent—that the omitted credibility determination could be implied.  *See Cunningham*, 440 F.3d at 864; *see also Golembiewski v. Barnhart*, 322 F.3d 912, 915–16 (7th Cir.

4

2003) (ordering remand to SSA following judicial review). In denying the plaintiff's motion for fees, the *Cunningham* court noted that "[i]t was not that the ALJ failed to engage in any credibility determination as in Golembiewski; rather, the ALJ failed to connect all the dots in his analysis." *Id.* at 865.

The Court of Appeals also denied a request for fees in *Bartrom v. Barnhart*, 33 Fed.Appx. 818 (7th Cir. 2002), another matter factually similar to this one.[1] In *Bartrom*, the Court of Appeals remanded the action to the SSA because "the ALJ failed to adequately address certain medical evidence and opinions proffered by [the plaintiff]'s treating psychiatrist . . . ." *Id.* at 819. In its response to the fee motion, the court explained:

> We recognized that the ALJ did discuss some of the evidence in the record that tended to undermine Dr. Cruz-Diaz's opinions. However, we remanded the case because we were uncertain how much weight the ALJ gave to this evidence and, therefore, we could not adequately determine why the judge believed that such evidence outweighed several of Dr. Cruz-Diaz's undisputed statements suggesting that Bartrom is totally disabled.

*Id.* In denying attorney's fees, the court added:

> the ALJ could well have reached the same conclusion on remand as he made in his original decision, provided that he explained the basis of his ruling more thoroughly. Because it would have been reasonable for the ALJ to deny benefits on the basis of the record before him, it was entirely reasonable for the government to defend the merits of the decision itself.

*Id.* at 820 (internal citations omitted).

---

[1] Although not precedential, *see* 7th Cir. R. 32.1, the Court finds *Bartrom*'s reasoning persuasive and cites it here in light of its factual similarity to this matter and its consistency with *Cunningham*.

5

The matter before the Court falls far closer to *Cunningham* and *Bartrom* than it does to *Golembiewski*. The parties agree that the ALJ erred when she failed to explicitly address Dr. Wuertz's findings in her opinion. (*See* Dkt. 20 at 8). However, as Plaintiff concedes, "'[a] position can be substantially justified even though it is not correct.'" (Dkt. 23 at 2 (quoting *Underwood*, 487 U.S. at 566 n.2)). The Court's Entry on Judicial Review acknowledged both that the ALJ's written analysis was insufficient and that the ALJ might arrive back at her original conclusion after a more thorough review. (*See* Dkt. 20 at 10). Through *Cunningham* and *Bartrom*, the Seventh Circuit has intimated that such an error, standing alone, does not push an ALJ's position short of substantial justification and that the government is substantially justified in defending such an error. *See Cunningham*, 440 F.3d at 865; *Bartrom*, 33 Fed.Appx. at 820. Accordingly, the Court finds both that the ALJ's ruling and the government's litigation position were substantially justified and that the EAJA does not entitle Plaintiff to recover attorney's fees.

### B. Does the EAJA allow the court to award fees directly to Plaintiff's attorney?

The government further argues that the EAJA does not allow the Court, as Plaintiff requests, to award fees directly to Plaintiff's attorney (as opposed to issuing them to Plaintiff herself and leaving counsel to collect the fees). Whereas the Court has determined the EAJA does not authorize any award of attorney's fees in this matter, the issue is moot.

6

### III.  Conclusion

For the foregoing reasons, Plaintiff's motion for an award of attorney's fees is **DENIED**.

**SO ORDERED** the 24th day of September, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.